Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and on behalf of others similarly situated.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

**JOSE CASTRO and RAYAN THOMAS**
*Individually and on behalf of others similarly situated,*

<b>Plaintiffs</b>

v.                                            **COMPLAINT**
                                              **Index No.**

                                              **COLLECTIVE ACTION UNDER**
                                              **29 USC § 216(b)**

                                              **JURY TRIAL DEMANDED**

**MECHANICAL INSTALLATION CORP.,**
**MECHANICAL SERVICE CORP. OF NEW YORK,**
**DOMENICK DEROSE, and RALPH DEROSE**

<b>Defendants.</b>

-----------------------------------------------------------------------x

1.      Plaintiffs Jose Castro ("Castro") and Rayan Thomas ("Thomas") (collectively

"Plaintiffs"), individually and on behalf of others similarly situated, allege as follows:

## NATURE OF THE ACTION

2.      This Action seeks the recovery of unpaid wages and related damages for unpaid

overtime hours worked, on behalf of Plaintiffs, individually and on behalf of other similarly

situated co-workers – who work or have worked for Mechanical Installation Corp., and

Mechanical Service Corp. of New York, (collectively "Mechanical").  Plaintiffs seek these

damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Mechanical is owned and operated by Mechanical Installation Corp., and Mechanical Service Corp. of New York, Domenick DeRose and Ralph DeRose (collectively "Defendants").

4.      Throughout the course of Plaintiffs' employment, Defendants failed to compensate Plaintiffs with overtime premiums for hours worked over forty (40) per workweek.

5.      Plaintiffs are not exempt from the overtime pay requirements under federal or state law.

6.      Defendants have failed to monitor and/or properly record the actual hours worked by Plaintiffs.

7.      Defendants have applied the same employment policies, practices and procedures to all of its employees.

## JURISDICTION AND VENUE

8.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

**PLAINTIFFS**

**Jose Castro**

10.     Plaintiff Jose Castro, a resident of New York State, was employed as a mechanic for Defendants from August 2016 through May 2017. Plaintiff was employed by Defendants during the relevant limitations periods.

11.     Plaintiff's consent to sue form is attached as Exhibit A to the Complaint.

**Rayan Thomas**

12.     Plaintiff Rayan Thomas, a resident of New York State, was employed as a mechanic for Defendants from July 2016 through the end of August, 2017. Plaintiff was employed by Defendants during the relevant limitations periods.

13.     Plaintiff's consent to sue form is attached as Exhibit A to the Complaint.

**DEFENDANTS**

14.     Defendants jointly employed Plaintiffs at all relevant times.

15.     Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

16.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs at all relevant times.

17.     During all relevant times, Defendants' operations are interrelated and unified.

18.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

**Mechanical Installation Corp.**

19.     Mechanical Installation Corp. ("Mechanical Installation") has co-owned and/or co-operated Mechanical in New York during the relevant time period.

3

20. Mechanical Installation is a New York Corporation with its principal executive office identified as 3780 Merritt Ave., Bronx, NY 10466. Mechanical Installation provides its services at worksites throughout New York City.

21. Upon information and belief, Mechanical Installation has an annual gross volume of sales in excess of $500,000.00.

22. At all relevant times, Mechanical Installation has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**Mechanical Service Corp. of New York**

23. Mechanical Service Corp. of New York ("Mechanical Service") has co-owned and/or co-operated Mechanical in New York during the relevant time period.

24. Mechanical Service is a New York Corporation with its principal executive office identified as 3780 Merritt Ave., Bronx, NY 10466. M& Mechanical Service provides its services at worksites throughout New York City.

25. Upon information and belief, Mechanical Service has an annual gross volume of sales in excess of $500,000.00.

26. At all relevant times, Mechanical Service has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**Domenick Derose**

27. Upon information and belief, Domenick Derose ("Domenick") is a resident of the State of New York.

28. At all relevant times, Domenick has been the co-owner of Mechanical.

4

29.    Domenick is listed as the co-CEO of Mechanical Service on the NYS Department of State Division of Corporations Website.

30.    At all relevant times, Domenick has had power over personnel decisions at Mechanical, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

31.    Domenick hired, supervised the Plaintiffs, and fired Plaintiff Castro.

**Ralph Derose**

32.    Upon information and belief, Ralph Derose ("Ralph") is a resident of the State of New York.

33.    At all relevant times, Ralph has been the co-owner of Mechanical.

34.    Ralph identifies himself as the General Manager of Mechanical Service Corp. on his Linkedin page.[1]

35.    Ralph is listed as the co-CEO of Mechanical Service on the NYS Department of State Division of Corporations Website.

36.    At all relevant times, Ralph has had power over personnel decisions at Mechanical, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

37.    Ralph fired Plaintiff Thomas.

38.    Defendants Ralph and Dominic are the owners of Mechanical.

39.    All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.    Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who

---

[1] https://www.linkedin.com/in/ralph-derose-6587a96/

5

were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

41.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

42.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## FACTUAL ALLEGATIONS

43.    Defendants committed the following alleged acts knowingly, willfully and intentionally.

44.    Defendants knew that the nonpayment of overtime pay to Plaintiffs would economically injure Plaintiffs and violated state and federal laws.

### Jose Castro

45.    Plaintiff Castro was employed by Defendants as a mechanic from August 2016 through May 2017.

6

46.    Plaintiff Castro performed work at residential and commercial locations throughout the New York City area, but primarily in Manhattan.

47.    Plaintiff Castro's job duties included, but were not limited to: installing air conditioner units, performing duct work for air conditioning units, and repairing and servicing air conditioner units.

48.    Throughout the course of his employment, Plaintiff Castro generally worked five (5) days per week, from 6:00 am through 7:00 pm for Defendants.

49.    Plaintiff Castro was paid a rate of $18.00 per hour when he began working for Defendants until around the beginning of March 2017, and was paid $19.50 per hour from March 2017 through the end of his employment.

50.    Plaintiff Castro was paid weekly in check.

51.    Plaintiff Castro's checks were initially issued by Mechanical Service, at least through the end of September 2016.

52.    Subsequently, Plaintiff Castro's paychecks were issued by Mechanical Installation.

53.    Except for the paycheck date of April 21, 2017, which reflected 21.50 hours of overtime at a rate of $29.25 per hour, Plaintiff Castro was paid straight time for hours worked over forty (40) per week.

**Rayan Thomas**

54.    Plaintiff Thomas was employed by Defendants as a mechanic from July 2016 through the end of August, 2017.

55.    Plaintiff Thomas performed work at residential and commercial locations throughout the New York City area, but primarily in Manhattan.

56.    Plaintiff Thomas' job duties included, but were not limited to: installing air conditioner units, performing duct work for air conditioning units, and repairing and servicing air conditioner units.

57.    Throughout the course of his employment, Plaintiff Thomas generally worked five (5) days per week, from 6:00 am through 7:00 pm for Defendants.

58.    Plaintiff Thomas was paid a rate of $14.00 per hour when he began working for Defendants until around October 22, 2016, $15.00 per hour until around November 17, 2016, $16.00 per hour until around June 22, 2017, and was paid $18.00 per hour through the end of his employment.

59.    Plaintiff Thomas was paid weekly in check.

60.    Plaintiff Thomas received checks from both Mechanical Service and Mechanical Installation, including some periods where he would receive paychecks from each company during the same weekly time period.

61.    Plaintiffs often worked in excess of forty (40) hours per workweek.

62.    Defendants unlawfully failed to pay Plaintiffs one and one-half times their regular rate of pay for their hours worked in excess of forty (40) hours per workweek.

63.    Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiffs with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

64.    Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiffs with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Themselves and the FLSA Collective Plaintiffs**

65.    Plaintiffs individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

66.    The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiffs, and the FLSA Collective Plaintiffs.

67.    Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

68.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

69.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

70.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

71.    Defendants have willfully failed to pay Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

72.    Defendants knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

9

73.    As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiffs**

74.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75.    Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

76.    Defendants failed to provide Plaintiffs with a written notice of rate of pay as required by NYLL § 195.

77.    Defendants failed to provide Plaintiffs with accurate wage statements as required by NYLL § 195.

78.    Defendants' failure to make, keep and preserve accurate records was willful.

79.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated, pray for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

10

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c.  Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d.  Designation of Plaintiffs as representative plaintiffs of the FLSA Collective Plaintiffs;

e.  Penalties available under applicable laws;

f.  Costs of the action incurred herein, including expert fees;

g.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h.  Pre-judgment and post-judgment interest, as provided by law; and

i.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and on behalf of others similarly situated demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
      September 25, 2017

Respectfully submitted,

The Klein Law Group P.C.

By: _____
      Darren P.B. Rumack
      39 Broadway, Suite 1530
      New York, NY 10006
      Phone: 212-344-9022
      Fax: 212-344-0301
      *Attorneys for Plaintiffs and on behalf of others similarly situated.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Mechanical and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____     9/8/2017     José R. Castro
Signature                   Date          Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Mechanical and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| | | |
|---|---|---|
| _Signature_ | 9-11-17 | _Rayan Thomas_ |
| Signature | Date | Printed Name |

12